# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM STEWART DIBLE, | No. C09-4065-LRR |
| Movant, | No. CR08-4060-LRR |
| vs. | |
| UNITED STATES OF AMERICA. | ORDER |

This matter appears before the court on William Stewart Dible's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). William Stewart Dible ("the movant") filed such motion on August 10, 2009. Also before the court is the movant's motion for leave to proceed in forma pauperis (civil docket no. 2), filed September 4, 2009, motion for transcripts (civil docket no. 3), filed September 4, 2009, motion to compel production of counsel's discovery review notes (civil docket no. 4), filed September 14, 2009, motion to amend his 28 U.S.C. § 2255 motion (civil docket no. 7), filed January 26, 2010, and motion to expand the record (civil docket no. 8), filed January 26, 2010.

Because it is properly supported, the movant's motion to proceed in forma pauperis (civil docket no. 2) is granted. With respect to the motion for transcripts, it appears that the movant already ordered and received the detention hearing transcript (criminal docket no. 922), the plea hearing transcript (criminal docket no. 918) and the sentencing hearing transcript (criminal docket no. 920). In the event that he did not receive those transcripts, the movant is directed to write to the court and the court will direct the clerk's office to send him copies of the already transcribed portions of the record. With respect to his

request for a copy of his testimony during Michael Kluge's trial, the court finds that the movant is entitled to a portion of the already prepared transcript. The clerk's office is directed to provide the defendant with his testimony. *See* (criminal docket no. 580, pgs. 246-269). Further, the court considered the record, which includes the claims that the movant raises in his 28 U.S.C. § 2255 motion, and it does not believe that the movant adequately explained why it is appropriate or necessary to provide him with a "complete transcript and/or any video/audio recording of [his] post-miranda statements," a "complete transcript and/or any video/audio recording of [his October 15, 2008 proffer], a "complete transcript or written copy of [Anthony Grenier's post-miranda statements, proffer and grand jury testimony]," and all correspondence between his attorneys and the government. The movant did not establish good cause with respect to those discovery requests. Accordingly, the movant's motion for transcripts (civil docket no. 3) is granted in part and denied in part. Similarly, concerning the defendant's motion to compel production of counsel's discovery review notes, the court concludes that they are not needed to resolve the claims that the movant raised in his 28 U.S.C. § 2255 motion. Accordingly, the defendant's motion to compel production of counsel's discovery review notes (civil docket no. 4) is denied. Because it is timely and no responsive pleading has been filed, the movant's motion to amend his 28 U.S.C. § 2255 motion (civil docket no. 7) is granted. Regarding the defendant's motion to expand the record, the court deems it appropriate to consider his brief and supporting affidavits. Accordingly, the defendant's motion to expand the record (civil docket no. 8) is granted.

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court concludes that the movant's role in the offense claim and fine claim should be dismissed. The movant waived certain rights in his plea agreement. *See* (criminal docket no. 412-1, p. 34). Namely, he made clear that he did not have any complaints about his attorney at the time he entered into his plea agreement. *Id*. In addition, the parties stipulated and

agreed that no upward or downward adjustment for role was appropriate under either USSG §3B1.1 (Aggravating Role) or USSG §3B1.2 (Mitigating Role). *See* (criminal docket no. 412-1, p. 14(C)). Given the parties' agreement with respect to the movant's role in the offense, this claim is without merit. In addition, a federal prisoner cannot challenge the imposition of a fine because 28 U.S.C. § 2255 affords relief only to prisoners claiming a right to be released from custody. *See, e.g., United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003). Thus, the movant's claim that is based on the imposition of a fine fails as a matter of law. Based on the foregoing, the clerk's office is directed to dismiss the movant's role in the offense claim and fine claim.

With respect to the remaining claims, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion on or before August 23, 2010. The government may attach relevant exhibits to its brief.
>
> 2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before September 13, 2010.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (same); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); ABA Model Rules of Professional Conduct 1.6(b)(5)-(6) (providing guidance as to when a lawyer may reveal information relating to representation of a client). Therefore, counsel whose representation is challenged is directed to cooperate with the government and to provide information, documents and/or

an affidavit, if necessary, that is responsive to any ineffective assistance of counsel claim asserted by the movant.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED**.

**DATED** this 28th day of June, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA